IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## RAVEN COBINS v. CRYSTAL MURRAY

**Appeal from the Circuit Court for Shelby County**
**No. CT-003111-17   Cedrick D. Wooten, Judge**

_____

### No. W2024-00399-COA-R3-CV

_____

Appellant, Raven Cobins, appealed a February 16, 2023 order of the Shelby County Circuit Court. Because the order appealed is not a final judgment, this Court lacks jurisdiction to consider the appeal. Tenn. R. App. P. 3(a). The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

ARNOLD B. GOLDIN, J.; KENNY ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Terrell Lee Tooten, Memphis, Tennessee, for the appellant, Raven Cobins.

Hugh Francis, IV, Memphis, Tennessee, for the appellee, Crystal Murray.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, on June 21, 2024, the Court directed Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, Appellant's Notice of Appeal denotes Appellant's intent to appeal an order of the trial court entered on February 16, 2023, which itself refers to the trial court's October 13, 2023 order granting Defendant Crystal Murray, D.D.S.'s motion for summary judgment. The October 13, 2023 order dismissed Appellant's claims against Dr. Murray. However, the complaint also asserts claims against Defendant Sneed Dental Arts, and the summary judgment order does not resolve or adjudicate Appellant's claims against Sneed. The trial court's February 16, 2023 order, which is the basis for the Notice of Appeal, grants Dr. Murray's "Motion to Enter Final Judgment," stating that "[t]he summary judgment granted to Dr. Murray on October 13, 2023 is hereby made a final judgment." However, there is no language in the order that satisfies Rule 54.02 of the Tennessee Rules of Civil Procedure, which permits a trial court to make an otherwise interlocutory order final by "an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment." In response to this Court's June 21, 2024 Show Cause Order, Appellant stated that she "takes no opposition to this Court dismissing this appeal for lack of subject matter jurisdiction due to the Order from the trial court not being a final order."

In the absence of final judgment, this Court lacks jurisdiction to consider this appeal. Tenn. R. App. P. 3(a). Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Raven Cobins, for which execution may issue.

PER CURIUM

- 2 -